IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LEE HUNT, as the personal representative
of the wrongful death estate of SALLYANN
ULIBARRI, and DIANE LOPEZ, as the legal
guardian of G. ULIBARRI, a minor,

    Plaintiffs,

v.

THE SIEGEL GROUP NEVADA, INC.,
a Nevada corporation, 75 HOTEL CIRCLE
HOLDINGS, LLC, d/b/a SIEGEL SUITES NEW
MEXICO, LLC, a Nevada limited liability
company, TAMMY KIMBALL, JOSEPH
POUGES and STEPHEN SIEGEL,

    Defendants.

# NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO

To: UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

    COMES NOW Defendant Stephen Siegel, by and through his attorneys Guebert Gentile & Piazza, P.C. (Robert F. Gentile and Elizabeth M. Piazza), and pursuant to 28 U.S.C. § 1332, 1446 and D.N.M.LR-Civ. 81.1, moves this Court to allow removal of the above-entitled action to the United States District Court for the District of New Mexico. As grounds therefore, Defendant would show:

    1.    On December 6, 2019, Plaintiffs filed their Complaint for Wrongful Death, Loss of Consortium, and Violations of the New Mexico Unfair Trade Practices Act, in the First Judicial District Court, Count of Santa Fe, State of New Mexico. The case was docketed as Cause No. D-101-CV-2019-03201. The Plaintiffs are Lee Hunt as the personal representative of the

wrongful death estate of Sallyann Ulibarri, and Diane Lopez, as the legal guardian of G. Ulibarri, a minor. A copy of the original Complaint is attached hereto as **Exhibit A**.

2. The Complaint named The Siegel Group Nevada, Inc., a Nevada corporation, 75 Hotel Circle Holdings, LLC d/b/a Siegel Suites New Mexico, LLC, a Nevada limited liability company, and Tammy Kimball as Defendants.

3. The Siegel Group Nevada, Inc. is a Nevada corporation that does business in New Mexico.

4. 75 Hotel Circle Holdings, LLC d/b/a Siegel Suites New Mexico, LLC is a Nevada corporation that does business in New Mexico.

5. Tammy Kimball is a resident of Bernalillo County, New Mexico.

6. Nearly two years after filing the Complaint, Plaintiffs filed a Motion for Leave to File First Amended Complaint to add Joseph Pouges and Stephen Siegel as Defendants. *See* **Exhibit B**.

7. The district court granted Plaintiffs' Motion for Leave and a Complaint for Wrongful Death, Loss of Consortium, and Violations of the New Mexico Unfair Trade Practices Act ("Amended Complaint[1]") was filed on October 18, 2021. A copy of the Amended Complaint is attached hereto as **Exhibit C**.

8. Plaintiffs allege that Joseph Pouges is a resident of Bernalillo County, New Mexico. Mr. Pouges has not been served. The district court on March 30, 2022, entered an Order on Plaintiffs' Motion to Deem Service of Process Effectuated, or in the Alternative, For Permission to Serve by Publication, allowing Defendant Pouges to be served via publication. **Exhibit D.**

---

[1] For clarification, the Amended Complaint retains the same title as the original Complaint and does not indicate by title that it is amended. Defendant notes it can be identified by the joinder of Messrs. Pouges and Siegel and is dated October 18, 2021.

9. Stephen Siegel is a resident of Clark County, Nevada.

10. Defendants The Siegel Group Nevada, Inc., 75 Hotel Circle Holdings, LLC d/b/a Siegel Suites New Mexico, LLC and Defendant Tammy Kimball do not oppose removal.

## I. PLAINTIFFS HAVE ENGAGED IN BAD-FAITH CONDUCT TO PREVENT REMOVAL.

11. The Complaint is a civil action over which this Court has jurisdiction pursuant to 28 U.S.C. §1332. "A defendant may remove a case to federal court based upon diversity jurisdiction in the absence of complete diversity if a plaintiff joins a nondiverse party fraudulently to defeat federal jurisdiction." *Aguayo v. AMCO Ins. Co.*, 59 F.Supp.3d 1225 (D.N.M. 2014). Plaintiffs have acted in bad faith to prevent removal by fraudulently joining Tammy Kimball, and subsequently, Joseph Pouges to defeat federal diversity jurisdiction.

12. 28 U.S.C. §1446(c) provides:

(1) A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, **unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.**

12. "A plaintiff's 'bad faith' can manifest itself in either of the two requirements for diversity jurisdiction: (i) a plaintiff can name or retain nondiverse parties or forum citizen defendants to defeat complete diversity or the forum- defendant rule, respectively; or (ii) it can obfuscate the quantity of damages it seeks for the purpose of defeating the amount-in-controversy requirement." *Aguayo v. AMCO Ins. Co.*, 59 F.Supp.3d 1225, 1261 (D.N.M. 2014).

13. A court may construe the bad-faith exception as a two-step standard. *Id.* First, the court may inquire as to whether the plaintiff pursued actively litigation against the "removal spoiler" in state court: asserting valid claims, taking discovery, negotiating settlement, seeking default judgments if the defendant does not answer the complaint, et cetera. *Id.* Failure to actively

litigate against the removal spoiler will be deemed bad faith; actively litigating against the removal spoiler, however, will create a rebuttable presumption of good faith. *Id.* Second, the defendant may attempt to rebut this presumption with evidence already in the defendant's possession that establishes that, despite the plaintiff's active litigation against the removal spoiler, the plaintiff would not have named the removal spoiler or would have dropped the spoiler before the one-year mark but for the plaintiff's desire to keep the case in state court. *Id.*

14. The court defines "actively litigate" broadly. "The core incentive that the judicial system provides for plaintiffs to assert claims against defendants is money damages – plaintiff's name defendant with the goal of obtaining a judgment against them and, ultimately, of collecting on that judgment." *Aguayo*, at 1264.

15. "Provided that the plaintiff has colorable claims against the defendant -- and fraudulent-joinder doctrine, not the bad-faith exception, permits removal when the plaintiff lacks a colorable claim -- any of the following are permissible purposes for naming and keeping a defendant in a case: (i) recovering damages from the defendant pursuant to a judgment; (ii) obtaining a judgment against the defendant, even if the plaintiff knows the defendant will be unable to satisfy the judgment; (iii) obtaining a settlement from the defendant, even if the plaintiff has already decided that it would not under any circumstances be economical to take the defendant to trial; (iv) leveraging the claims against the defendant to encourage the defendant to testify on the plaintiff's behalf against other defendants; or (v) obtaining discovery from the defendant by virtue of the increased scope of discovery available against parties relative to nonparties." *Aguayo*, at 1264-1265.

16. Plaintiffs do not have a colorable claim against Tammy Kimball or Joseph Pouges. Neither Defendant is named individually, and all of the claims alleged against each Defendant

arise out of their employment with Defendant, The Seigel Group Nevada Inc. As discussed further below, Plaintiffs cannot prevail on either negligence claim because neither Defendant Kimball, nor Defendant Pouges owe a duty separate and apart from the (alleged) duty their employer owed to provide security at the Siegel Suites. Similarly, Plaintiffs' Unfair Trade Practices Act claims arise solely out of Defendant Kimball's and Defendant Pouges' employment with The Seigel Group Nevada Inc., and Plaintiffs cannot recover against either Defendant Kimball or Pouges, individually.

17. Further, Plaintiffs have not actively litigated against Defendant Kimball since the filing of the original Complaint in 2019. Plaintiffs have not propounded any discovery on Defendant Kimball. While it is true that Plaintiffs deposed Defendant Kimball, her deposition did not occur until May 27, 2021, about 1.5 years after the initiation of the lawsuit.

18. Notably, though, it was not necessary to name Defendant Kimball in the lawsuit in order to secure her deposition. It would be necessary to name her in order to serve written discovery on her, but Plaintiffs have not propounded any written discovery on Defendant Kimball. *See* Aguayo at 1229.

19. Plaintiffs also cannot obtain a judgment against Defendant Kimball or Defendant Pouges because they are not named individually. Any judgment that Plaintiffs might receive arises solely out of the course and scope of each Defendants' employment. Thus, the judgment would be assessed against The Seigel Group Nevada Inc., their employer.

20. Notwithstanding the fraudulent joinder of Defendant Pouges, Plaintiffs delay in joining Defendant Pouges is also done in bad faith. Plaintiffs were aware of Defendant Pouges' identity since the beginning of the litigation yet waited 1.5 years to move to amend the Complaint to name him.

**II.     PLAINTIFFS FRAUDULENTLY JOINED TAMMY KIMBALL AND JOSEPH POUGES.**

21.     A defendant may remove a case on fraudulent joinder ground even after the one-year mark. *See Edison Ranch, Inc. v. Mosaic Potash Carlsbad, Inc.*, 2018 U.D. Dist. LEXIS 12748 ("The Court concludes that the addition of bad-faith exception to the one-year limitation clarifies that the one-year limitation is procedural, rather than jurisdiction, and thus, extends the applicability of fraudulent joinder doctrine past the one-year mark. Thus, defendants may remove a case on fraudulent joinder ground even after it has been pending in state court for more than one year.").

22.     "[A] fraudulent joinder analysis [is] a jurisdictional inquiry, and, thus, the Tenth Circuit instructs that the district court should 'pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available.'" *Id.* at 1250-1251. "A district court may disregard a nondiverse party named in the state court complaint and retain jurisdiction if joinder of the nondiverse party is a sham or fraudulent." *Id.* (internal citations and quotations omitted). "A defendant may remove on the basis of fraudulent joinder either while the nondiverse party is still joined or after it is dismissed from the case…" *Edison Ranch, Inc. v. Mosaic Potash Carlsbad, Inc.*, 2018 U.D. Dist. LEXIS 12748.

23.     To prove a fraudulent joinder claim, a "movant must show that there is no possibility that plaintiff could establish a cause of action against the resident defendant in state court." *Aguayo v. AMCO Ins. Co.*, 59 F.Supp.3d 1225 (D.N.M. 2014); *see also Faucett v. Ingersoll-Rand Mining & Machinery Co.,* 960 F.2d 653, 654-55 (7th Cir. 1992). **The complaint must charge the resident defendant with specific acts in specific terms to survive a claim of bad faith joinder**. *Lobato v. Pay Less Drug Stores,* 261 F.2d 406, 409 (10th Cir. 1958). (Emphasis added).

24.     Joinder of the employees is a futile attempt to defeat diversity because Plaintiffs do not bring a cause of action against either employee in their individual capacity. *See Allen v. Wal-Mart Stores, LLC*, 2017 U.D. Distr. LEXIS 36011 (Texas S.D. 2017) (where Wal-Mart employees did not owe an independent duty separate and apart from the duty Wal-Mart owed, thus, plaintiffs could not prevail on a negligence claim against the employees individually).

25.     Plaintiffs assert two claims against Defendants: Negligent and Reckless Security Resulting in Severe Injury and Death, and Violations of the Unfair Trade Practices Act, NMSA 1978, § 57-12-1 – 20 et seq.  **Exhibit C**, pgs. 10-11.

26.     Plaintiffs allege that "Defendants had a duty to protect Sallyann Ulibarri from foreseeable dangers and threats to her safety." *Id.* ¶ 40.  Plaintiff also allege that "Defendant Tammy Kimball was the manager at the Siegel Suites Albuquerque and was acting in the course and scope of her employment at all times pertinent to this complaint," and that she "had a duty to exercise ordinary care in keeping the premises of Siegel Suites Albuquerque reasonably safe for guests." *Id.* ¶ 42.

27.     Plaintiffs also allege that "Defendant Joseph Pouges had a duty to exercise ordinary care in keeping the premises of Siegel Suites Albuquerque reasonably safe for guests." *Id.* ¶ 44.

28.     Plaintiffs' negligence claims against Defendants Kimball and Pouges arise solely out of, and relate solely to, their employment with The Seigel Group Nevada Inc.

29.     Defendants Kimball and Pouges do not owe, nor do Plaintiffs allege, that Defendants Kimball and Pouges owe an independent duty separate and apart from the duty (allegedly) owed by The Seigel Group Nevada Inc.

30.     Thus, Plaintiffs do not have a cognizable claim against either Defendant Kimball or Pouges.

31. Plaintiffs also allege that Defendants Kimball and Pouges violated the New Mexico Unfair Trade Practices Act, NMSA 1978, §57-12-1 – 20 *et seq*. ("UTPA"). **Exhibit C**, pgs. 10-11.

32. The allegations related to the UTPA arise only out of Defendant Kimball's and Defendant Pouges' employment with The Seigel Group Nevada Inc. *See* NMSA 1978, §57-12-2 (1978) ("unfair or deceptive trade practice' means and act specifically declared unlawful pursuant to the Unfair Practices Act, a false or misleading oral or written statement, visual description or other representation of any kind knowingly made in connection with the sale, lease, rental or loan of good or services…**in the regular course of the person's trade or commerce…**")  (Emphasis added).

33. As with Plaintiffs' Negligent and Reckless Security claim, Plaintiffs do not have a cognizable UTPA claim against Defendants Kimball and Pouges.

34. The sole purpose in naming these Defendants was to defeat diversity.

### III. DEFENDANT STEPHEN SIEGEL HAS SATISFIED THE PROCEDURAL REQURIEMENTS FOR REMOVAL.

35. "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. §1446(b)(1).

36. The District Court for the State of New Mexico entered an Order on Plaintiffs' Motion to Deem Service of Process Effectuated, or in the Alternative, For Permission to Serve by Publication, on March 30, 2022, in which the district court deemed Mr. Seigel served. **Exhibit D**.

8

37. This removal is timely and proper as it was performed within 30 days of the filing of the Complaint and it could be ascertained that the case was one which was removable, (28 U.S.C. §1446(b)(3)), and within the timeframe prescribed by the district court.

38. Pursuant to 28 U.S.C. §1446(b) and D.N.M.LR-Civ. 81.1, attached hereto are copies of all pleadings deemed served upon Mr. Siegel in the First Judicial District Court No. D-101-CV-2019-03201. **Exhibit E and C;** *see also* **Exhibit D.**

39. Pursuant to 28 U.S.C. §1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiffs and a copy is being filed with the Clerk of the First Judicial District Court, Santa Fe County, New Mexico.

40. The Complaint alleges that The Siegel Group Nevada, Inc. is a Nevada corporation that does business in New Mexico. The Complaint does not allege that The Siegel Group Nevada, Inc. is a citizen of New Mexico.

41. The Complaint alleges that 75 Hotel Circle Holdings, LLC d/b/a Siegel Suites New Mexico is a Nevada corporation that does business in New Mexico. The Complaint does not allege that 75 Hotel Circle Holdings, LLC d/b/a Siegel Suites New Mexico is a citizen of New Mexico.

42. The Complaint alleges that Stephen Siegel is a resident and domiciliary of Clark County, Nevada. The Complaint does not allege that Stephen Siegel is a resident of New Mexico.

## IV. THIS COURT HAS DIVERSITY JURISDICTION OVER THIS ACTION

**A. Diversity Exists Between Plaintiffs and The Siegel Group Nevada, Inc., 75 Hotel Circle Holdings, LLC d/b/a Siegel Suites New Mexico, LLC, and Stephen Siegel.**

43. The Court may disregard Defendants Tammy Kimball and Joseph Pouges, nondiverse parties named in the Complaint to retain jurisdiction because joinder of Defendants Tammy Kimball and Joseph Pouges was fraudulent and in bad faith to defeat diversity. *See Aguayo*, 59 F. Supp. 3d.

44. Defendants The Siegel Group Nevada, Inc., 75 Hotel Circle Holdings, LLC d/b/a Siegel Suites New Mexico, LLC, and Stephen Siegel are citizens of Nevada, for purposes of federal jurisdiction. *See* 28 U.S.C. §1332(c)(1). **Exhibit C**, ¶¶6, 7, 12.

45. Plaintiff Lee Hunt is a resident and domiciliary of Santa Fe County, New Mexico, and Plaintiff Diane Lopez is a resident and domiciliary of Bernalillo County, New Mexico. *Id*. ¶¶2, 4.

46. Because The Siegel Group Nevada, Inc., 75 Hotel Circle Holdings, LLC d/b/a Siegel Suites New Mexico, LLC, and Stephen Siegel are citizens of Nevada, for the purposes of federal jurisdiction, and Plaintiffs are citizens of New Mexico, complete diversity exists between Defendants and Plaintiffs.

**B. The $75,000 Amount in Controversy is Satisfied.**

47. "If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy…" 28 U.S.C. § 1446(c)(2).

48. "[T]he notice of removal may assert the amount in controversy if the initial pleading seeks …a money judgment, but the State practice either does not permit demand for a specific sum

or permits recovery of damages in excess of the amount demanded…" 28 U.S.C. § 1446(c)(2)(A). Additionally, though, "removal of the action is proper on the basis of an amount in controversy asserted under subparagraphs (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)." 28 U.S.C. § 1446(c)(2)(B).

49. For purposes of diversity jurisdiction, "[t]he amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) (citing *Lonnquist v. J.C. Penney Co.*, 421 F.2d 597, 599 (10th Cir. 1970)).

50. The Complaint does not allege a specific amount of damages. However, the New Mexico Rules of Civil Procedure generally prohibit the inclusion of a specific amount of claimed damages. *See* Rule 1-010(B) NMRA ("Unless it is a necessary allegation of the complaint, the complaint shall not contain an allegation for damages in any specific monetary amount.")

51. "In making this determination, courts may consider the substance and nature of the injuries and damages described in the pleadings, any attorney affidavits filed prior to or in connection with the removal notice, a plaintiff's prior admission in open court that the value of the claim exceeds the jurisdictional amount, or even a plaintiff's refusal to stipulate or admit that he or she is not seeking damages in excess of the requisite amount." *Hanna v. Miller*, 163 F.Supp.2d 1302, 1306 (D.N.M. 2001).

52. Here, Plaintiffs do not cap their damages in any way, and avoid making any stipulation that Plaintiffs are not seeking individual damages in excess of the $75,000 jurisdictional amount.

53.     Plaintiffs are seeking damages for the wrongful death of Sallyann Ulibarri, and loss of consortium of minor, G. Ulibarri.  Specifically, Plaintiffs pray for the Court to enter a judgment against Defendants "for compensatory damages, punitive damages, and treble damages…costs incurred…pre- and post-judgment interest, attorney fees, and for such other and additional relief as the Court may deem proper." **Exhibit C**, Prayer for Relief.  An examination of Plaintiffs' claims established that Plaintiffs have put far more than $75,000 in controversy.

54.     Stephen Siegel reserves the right to amend and/or supplement this Notice of Removal.

WHEREFORE, for all of the foregoing reasons, this action is properly removed.

Respectfully submitted,

GUEBERT GENTILE & PIAZZA, P.C.

By  */s/ Elizabeth M. Piazza*
    Robert F. Gentile
    Elizabeth M. Piazza
    Clinton E. Dow
    P.O. Box 93880
    Albuquerque, NM 87199-3880
    (505) 823-2300
    rgentile@guebertlaw.com
    epiazza@guebertlaw.com
    cdow@guebertlaw.com
    *Attorneys for Defendant Stephen Seigel*

This is to certify that on this 15th day of April, 2022, the foregoing Notice of Removal to United States District Court for the District of New Mexico was filed electronically through the CM/ECF system, and that I caused a copy of the same to be served by email to:

| | |
|---|---|
| The Dinelli Law Firm, LLC<br>Mark P. Dinelli<br>503 Slate Avenue NW<br>Albuquerque, NM 87102<br>(505) 582-2157<br>mark@dinellilaw.com<br><br>and<br><br>Atkins and Walker Law<br>Tyler J. Atkins<br>127 Bryn Mawr Drive SE<br>Albuquerque, NM 87106<br>(505) 508-4640<br>tyler@atkinswalker.com<br><br>*Attorneys for Plaintiffs* | Ray \| Pena\| McChristian<br>Jeff Ray<br>Christopher J. Tebo<br>Brian Brack<br>Jeramy I. Schmehl<br>6501 Americas Pkwy NE, Ste 820<br>Albuquerque, NM 87110<br>jray@raylaw.com<br>ctebo@raylaw.com<br>bbrack@raylaw.com<br>jschmehl@raylaw.com<br>*Attorneys for Defendants* |

*/s/ Elizabeth M. Piazza*
Robert F. Gentile
Elizabeth M. Piazza
Clinton E. Dow
*Attorneys for Defendant Stephen Siegel*

F:\Clients\5290.144\Pleadings\2022.04.14.Notice of Removal.docx/krg